In the Matter of TIMOTHY P. WALSH, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 6, 1978

**APPEARANCES OF COUNSEL**

*James D. Porter, Jr.,* of counsel *(Irving Gertel* with him on the brief), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to the practice of law by this court in November, 1949.

Royal P. Jarvis died intestate and a domiciliary of Mexico. Respondent's firm was retained to handle the ancillary administration of the estate. The Committee on Grievances in its petition articulated the charge against the respondent as follows:

1. In or about 1943, the firm of which the respondent is a member was retained to represent the administratrix of the ancillary estate of Royal P. Jarvis.

2. In or about 1955 the respondent assumed responsibility for the handling of the aforesaid ancillary estate.

3. Thereafter, the respondent has failed to take any substantial steps to effectuate the winding-up of the aforesaid ancillary estate.

4. On or about December 16, 1975, at an interview held at the offices of counsel to the Committee of Grievances, the respondent advised counsel that the winding-up of the aforesaid ancillary estate would be completed within 120 days.

5. Thereafter, the respondent failed to take any action whatsoever with regard to the matter.

After respondent's December 16, 1975 request for an additional 120 days to wind up the estate, nothing was in fact done by him. On September 9, 1976, an additional hearing was held before an assistant counsel to the committee, at which time there was a request by Walsh, stating: "And I will —if this thing isn't resolved within the next 30 days or so, I will make an application for the Surrogate's Court. I don't know what the surrogate will do. Maybe he will tell me to send everything down to Mexico. In which event I will do that."

By February, 1977 no work had yet been performed by respondent on the estate. The matter was referred to this court and we directed a reference.

At the hearing before the Referee, the respondent outlined the difficulties of the case. He noted that the primary administratrix in Mexico, the widow of the decedent, was unco-operative in taking an inventory of the assets of the estate and in co-ordinating the ancillary administration. This impeded the winding-up of the estate in a satisfactory manner. He nonethe-

less conceded that nothing substantive had been done by him to close the estate and to effectuate the distribution of assets, even after a complaint had been registered and he had been admonished to conclude the affairs of the estate expeditiously.

The Referee found that the respondent was guilty of neglect in violation of Disciplinary Rules (6-101, subd [A], par [3]).* We confirm the findings of the Referee.

The severity of the sanction to be imposed must be tempered by many factors. We emphasize that the respondent is not being charged with venality, dishonesty, misappropriation, or conversion of assets of the estate but, rather, with neglect resulting from procrastination. In fact, over the years, accretions to the ancillary estate substantially increased its value. Furthermore, other than this matter, respondent has not been the subject of any complaints. We have also taken into consideration the respondent's personal health problems during this period and their effect on his work product. We nonetheless find that respondent's neglect of his professional duties cannot be disregarded and we therefore impose the sanction of censure.

LUPIANO, J. P., BIRNS, EVANS, LANE and SULLIVAN, JJ., concur.

Respondent censured.

---

* DR 6-101 in pertinent part states: [Failing to Act Competently] "(A) A lawyer shall not: * * * (3) Neglect a legal matter entrusted to him[.]"